C. A. CARLSON, Appellee, v. JENNIE C. LAYMAN et al., Appellants.

DONALD W. LAYMAN, Appellee, v. JENNIE C. LAYMAN, Appellant, et al.

No. 41238.

MARCH 15, 1932.

E. L. Blake, for plaintiff-appellee.

Howard L. Bump and Paul W. Walters, for defendants-appellants.

C. I. Spencer, for defendants-appellees.

STEVENS, J.—Appellant Jennie C. Layman is the administratrix of the estate of Daniel W. Layman, her deceased husband. The Court allowed her $3,000.00 for the support of herself and three minor children for one year. The appellee filed a claim which was allowed as a claim of the fourth class. Nothing has been paid thereon. The estate consisted in part of various tracts of real property. Issues having been joined on the petition of appellee to subject the property to the payment of her claim by the administratrix as such and on her own behalf, a referee was appointed by the court to take the testimony and report his finding of facts. The testimony was taken and a report of the referee's findings duly made and filed in the proper office. The referee found that the allowance made to appellant as widow had not been paid; that she had advanced expenses

in the administration of the estate in excess of the property and income received by her; and that she was entitled to $983.33 as her distributive share in certain real property of the estate which had been sold. The total sum found by the referee to be due appellant against the estate, which was composed of the items mentioned, was $4,194.73. The report of the referee was approved by the court and a decree confirming the respective claims of appellee and appellant was signed by the court and duly entered. The decree so entered provided that the claims of the respective parties should be paid out of the assets of the estate *pro rata*. The defendant Jennie C. Layman appealed from the finding and judgment of the court in so far as the same required her to share *pro rata* with the appellee.

The abstract of appellant does not contain the evidence, but does set out the pleadings, the report of the referee in full, the decree of the court, and some other matters of record. Appellee filed an amendment to appellant's abstract, setting out in part the evidence taken before the referee. She has also filed a motion in this court to dismiss or affirm the appeal upon the ground that the case is triable *de novo* and, as the evidence is not before us, this cannot be had. In view of the single proposition relied upon by appellant for reversal, we think the motion should be overruled. The only question before the court for decision involves the provision of the decree which requires the claimants to share *pro rata* in the assets of the estate. The decree is based upon the findings and report of the referee, and the only claim asserted by appellant is that the court committed error in ordering the claims paid *pro rata* instead of in the order provided by law for the payment thereof. The right of appellee to a *de novo* review is, of course, conceded, but the ruling complained of is not based upon the evidence in detail, but upon the findings and report of the referee. Everything material to the decision of the proposition relied upon for reversal is before the court.

The provision of the decree requiring the respective claimants to share *pro rata* cannot be sustained. Section 11969 of the Code of 1931 provides that charges for the last sickness and death of the deceased shall first be paid, and that any allowance made by the court for the maintenance of the widow and minor children shall next be paid. Appellee is a claimant of the

fourth class. Her claim was filed more than twelve months after the executrix was appointed. Appellant was entitled to have her claim paid in full before any part of appellee's fourth-class claim should be paid. Elliott v. D. M. Nat. Bank, 209 Iowa 1258; In re Estate of Harsh, 207 Iowa 84; Section 11969, Code, 1931.

It follows that the decree, in so far as it requires the respective claimants to share *pro rata*, is reversed, and the cause remanded, with directions that a decree be entered in harmony with this opinion.—Reversed.

WAGNER, C. J., and DE GRAFF, FAVILLE, and ALBERT, JJ., concur.